ORIGINAL

FILED

12/14/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0608

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0608

FILED

DEC 14 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JESSE VICKERY,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent.

ORDER

---

Jesse Vickery represents himself and has filed a Petition for Writ of Habeas Corpus, indicating that the Department of Corrections has incorrectly calculated his sentence, which illegally extends his parole eligibility or discharge dates. Vickery contends that his incarceration is illegal because he is due 1,361 days of credit for time while on probation, or street time.

In May 2012, Vickery entered a plea of guilty to felony sexual assault of a twelve-year-old girl after the original offense of sexual intercourse without consent offense was amended. Vickery was forty years old at the time of the offense. On August 10, 2012, the Missoula County District Court sentenced Vickery to the Montana State Prison (MSP) for a thirty-year term, all suspended, and designated Vickery a Level I sex offender.

Following a July 5, 2016 contested hearing, the Missoula County District Court determined that Vickery was in violation of his probationary terms. The District Court revoked his suspended sentence and sentenced Vickery to MSP for thirty years with no time suspended. The court imposed a parole eligibility restriction of ten years. Vickery received 106 days of credit for time served in both 2012 and 2016. Through counsel, Vickery appealed his sentence upon revocation, and his counsel later moved to withdraw, pursuant to *Anders v. Ca.*, 386 U.S. 738, 87 S. Ct. 1396 (1967), and § 46-8-103(2), MCA. We dismissed his appeal. *State v. Vickery*, No. DA 16-0537, Order (Mont. Dec. 12, 2017).

In his instant Petition, Vickery states that he was not given credit from August 10, 2012 through July 5, 2015, or time while he was on probation. He argues that he will be serving a thirty-three-year sentence instead of a thirty-year sentence. Citing to *Rood*, Vickery contends that he should be awarded the entire time, or 1,361 days of street time. *Rood v. Laughlin*, No. OP 20-0553, 2021 Mont. LEXIS 418, Order (Mont. May 4, 2021).

Vickery will not be serving a thirty-three-year sentence because he was not serving a custodial sentence while he was on probation from May 2012 to August 2016. His sentence upon revocation is not any longer. Section 46-18-203(7)(a)(iii), MCA (2015). Vickery is not entitled to an award of street time credit.

Under Montana statutes, a District Court does not have to credit an offender with any time on probation. It is within the court's discretion to credit Vickery any street time. Section 46-18-203(7)(b), MCA (2015); *McDermott v. Mahoney*, 2001 MT 134, ¶ 45, 305 Mont. 462, 29 P.3d 992. Pursuant to § 46-18-203(7)(b), MCA (2015), when a judge revokes a suspended sentence, "the judge shall consider any elapsed time and either expressly allow all or part of the time as credit against the sentence or reject all or part of the time as a credit." "The judge shall state the reasons for the judge's determination in the order." Section 46-18-203(7)(b), MCA (2015).

Vickery's revocation proceeding is distinguishable from the revocation in *Rood*. The 2017 version of the Montana statutes applied to Rood's sentence upon revocation while the 2015 version applied to Vickery's sentence upon revocation. *Rood*, at *7-*8. Rood admitted his 2017 violations, and California had reported no other prior violations during Rood's time of supervision. *Rood*, at *8. Vickery did not admit his violations, and the court took testimony about whether Vickery had violated his probationary terms and conditions. In its written Judgment, the District Court determined that Vickery was in violation and specifically stated that Vickery was to receive "no credit for 'street time'[.]" The court gave many reasons for its Judgment, including the violations committed in the Petition to Revoke; the circumstances under which Vickery committed these violations as

2

noted in the Petition to Revoke; and that prison is required to protect society. The court also designated Vickery a Level III sex offender. Vickery was properly denied this credit.

Vickery is procedurally barred via habeas corpus to attack his 2016 sentence upon revocation. Pursuant to Montana's statute, he cannot challenge a sentence upon revocation under habeas corpus. Section 46-22-101(2), MCA. Vickery's sentence is valid, and he has received all the credit he was due under the law. His sentence does not require recalculation. He has not demonstrated an illegal sentence or restraint. Section 46-22-101(1), MCA; *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. Accordingly,

IT IS ORDERED that Vickery's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jesse Vickery personally.

DATED this 14 day of December, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3