IN THE SUPREME COURT OF THE STATE OF MONTANA

No. OP 07-0009

2007 MT 58

TERRY MILLER, )
 )
Petitioner, )
 ) O P I N I O N
v. ) A N D
 ) O R D E R
ELEVENTH JUDICIAL DISTRICT COURT, and )
STATE OF MONTANA, )
 )
Respondents. )

PER CURIAM.

¶1 Petitioner, Terry Miller, was arrested and charged with Negligent Homicide and Failure to Remain at the Scene of an Accident. He petitions for a writ of habeas corpus commanding that the Respondent, Eleventh Judicial District Court, Flathead County, order his release on his own recognizance pending trial.

¶2 Miller represents that he has been incarcerated since August 11, 2006. He alleges that he cannot provide the amount of bail ordered by the District Court and therefore his continued incarceration is in violation of §§ 46-9-111, 106, MCA. He goes on to allege that any amount of bail is prohibitive because he is indigent. He asks us to conclude that since he cannot post bail, his continued incarceration pending trial is illegal and in violation of Article II, Sections 21, 22, of the Montana Constitution.

¶3 As noted by Miller, we have held that habeas corpus is available to review a decision of the District Court on a motion to set bail. *Ingraham v. State*, 284 Mont. 481, 945 P.2d 19 (1997).

¶4    Section 46-22-101(1), MCA, provides:

> Except as provided in subsection (2), every person imprisoned or
> otherwise restrained of his liberty within this state may prosecute a writ of
> habeas corpus to inquire into the cause of such imprisonment or restraint and,
> if illegal, to be delivered from the imprisonment or restraint.

As Miller is incarcerated in the Flathead County Detention Center, the legality of his restraint may properly be examined in a habeas corpus proceeding. In *Ingraham*, which was also a habeas proceeding, this Court applied an abuse of discretion standard in reviewing a decision of the district court not to release Ingraham on bail pending appeal. However, a petition for habeas corpus is an independent proceeding.

> The purpose of a writ of habeas corpus is to determine the legality or
> illegality of the restraint alleged to be exercised. It is available only to those
> persons, or on behalf of those persons, unlawfully imprisoned or restrained of
> their liberty, and is independent of the legal proceeding under which the
> detention is sought to be justified.

*Lott v. State*, 2006 MT 279, ¶ 9, 334 Mont. 270, ¶ 9, 150 P.3d 337, ¶ 9 (quoting *August v. Burns*, 79 Mont. 198, 213, 255 P. 737, 741 (1927)).

¶5    Miller's petition for habeas corpus is an original, independent proceeding filed in this Court pursuant to Title 46, Chapter 22, MCA. Therefore, we shall not consider whether the District Court abused its discretion in denying Miller's motion to be released pending trial. We consider Miller's petition for a writ of habeas corpus the same as we consider other original proceedings commenced in this Court. M. R. App. P. 17. Likewise, all future petitions for a writ of habeas corpus praying for release on bail, filed directly in this Court, shall be considered independent of the legal proceeding under which the detention is sought to be justified. To this extent *Ingraham* is overruled.

¶6    Article II of the Montana Constitution provides:

> Section 21. Bail. All persons shall be bailable by sufficient sureties,

except for capital offenses, when the proof is evident or the presumption great.

Section 22. Excessive sanctions. Excessive bail shall not be required, or excessive fines imposed, or cruel and unusual punishments inflicted.

¶7 It is clear from the record presented that Miller is incarcerated pretrial on a bailable offense. Section 46-9-106, MCA, provides that before a verdict has been rendered, the court shall authorize the release of the defendant upon reasonable conditions that ensure the safety of the community or of any person. Section 46-9-108, MCA, contains a non-exclusive list of conditions that may be imposed to ensure the safety of the community. This includes the imposition of bail. Section 46-9-108(1)(j), MCA. Section 46-9-108(2), MCA, provides that the court may not impose an unreasonable condition that results in pretrial detention of the defendant and shall subject the defendant to the least restrictive combination of conditions that will ensure the defendant's appearance and protection of any person or the community.

¶8 Thus, in order to protect the rights of a person who is accused of a non-capital crime, the law requires that such person shall be released pending trial if reasonable conditions can be imposed to protect the community or any particular individual. Sections 46-9-106, 108, 111, MCA. These conditions may, *inter alia*, include a reasonable bail. A defendant is presumed innocent prior to a verdict, and he must be released absent a finding by the trial court that he will likely flee if bail is not imposed. The release shall be on conditions designed to protect the community, unless the trial court finds that there are no conditions that can be imposed on the defendant's release that will adequately ensure the protection of any person or the community.

¶9 Miller's bail was originally set at $30,000. It was reduced by the Justice Court to $10,000. A bail hearing was held in the Respondent District Court on October 26, 2006. At

3

the beginning of the hearing the District Court inquired of the parties if they wished to present evidence. However, no witnesses were called by Miller, and he did not present any documentary evidence to support his counsel's statements.

¶10 Miller's counsel argued to the District Court that he was not a flight risk as he has ties to the community. Miller's attorney further argued that her client was unable to post the $10,000 bond required for release. However, no specific information in support of these representations was presented to the District Court. Nor was there any information presented concerning whether Miller could post any amount of bond.

¶11 Miller's counsel admitted that he had a serious alcohol abuse problem. Counsel did argue that conditions could be placed on his release that would protect the community. No evidence on what the conditions should be, how the conditions would adequately protect the community, and how the conditions could be enforced, was presented to the District Court.

¶12 The State did not argue that Miller was a flight risk even though he faces a sentence of up to 20 years at Montana State Prison and a fine of up to $50,000. Section 45-5-104, MCA. The State did argue that Miller has a serious alcohol problem, pointing out to the District Court that he has been convicted of Driving Under the Influence of Alcohol three times, convicted of driving without a driver's license twice, convicted of careless driving and convicted of driving without liability insurance. Miller presented no evidence to the contrary. Further, it is alleged that Miller had a blood alcohol content of 0.13 at the time of his arrest on the present charges.

¶13 The pending allegations are that Miller is responsible for the loss of a man's life, a most serious offense indeed. There is admittedly a danger that he will drink and drive. The

4

record also indicates that he has been unwilling to follow the law concerning the conditions under which he may drive a vehicle on the public ways. The serious nature of the allegations, and a defendant's proven unwillingness to follow the law, can be important factors to consider in setting bail and fixing conditions of release.

¶14 Miller is correct that he has a presumptive right to be released on a reasonable bail, or on his own recognizance upon conditions which will protect the community. However, the burden in a habeas corpus proceeding is upon the petitioner to convince the Court that a writ should be issued. *Petition of Dyer*, 154 Mont. 499, 500, 463 P.2d 895, 896 (1969); *Petition of Tooker*, 148 Mont. 69, 73, 417 P.2d 87, 89 (1966). Miller has the burden of presenting to this Court a record that is sufficient to make a prima facie showing that the order of the District Court constituted a violation, deprivation, infringement, or denial of his constitutional, statutory, or legal rights. *See In re Hart*, 178 Mont. 235, 249-50, 583 P.2d 411, 418-19 (1978).

¶15 After considering Miller's petition and the District Court record attached thereto, more accurately the lack of a record, we cannot conclude that Miller has no ability to provide any bail. Nor can we determine that the District Court reasonably could have released Miller on conditions that could be enforced and which would ensure the protection of the community. Thus, Miller has not made a prima facie showing in this Court that his constitutional, statutory, or legal rights were violated by the District Court's refusal to lower the amount of bail, and in not releasing Miller on his own recognizance.

¶16 NOW, THEREFORE, IT IS ORDERED as follows:

    1. The Petition for Habeas Corpus is at this time DENIED, WITHOUT PREJUDICE.

5

2. The Clerk of this Court shall mail a copy of this Order to the presiding Judge of the Eleventh Judicial District Court and to all counsel of record.

DATED this 6th day of March 2007.

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS