

FILED

03/16/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0097

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0097

RANDY JANGULA,

Petitioner,

v.

CAPTAIN JASON KOWALSKI,

Respondent.

FILED

MAR 1 6 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Petitioner Randy Jangula has filed a Petition for a Writ of Habeas Corpus, contending that his sentence is illegal because it is longer than the law allows. Jangula is currently held in the Missoula Assessment and Sanction Center (MASC).

Jangula states that he was sentenced on January 14, 2021, and that he received a twenty-year sentence with ten years suspended. He adds that he understands a legal sentence to be twenty years with fifteen years suspended. Jangula requests his immediate release, reduction of his sentence, or that the Department of Corrections recalculate his sentence.

Jangula does not provide any other information. He has not supported his claim with any background or documents. As a Petitioner, Jangula has the burden to present a prima facie case for habeas corpus relief. M. R. App. P. 14(5); *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 254 P.3 1186.

Given where he is being held, we contacted the Missoula County District Court to inquire if his criminal proceedings originated there. We secured copies of the docket sheets and final judgments. On January 14, 2021, the District Court imposed concurrent, twenty-year terms for two counts of felony assault with a weapon to the Department of Corrections (DOC). In his second criminal proceeding, the District Court sentenced Jangula to the DOC for two felony counts of criminal distribution of dangerous drugs for

concurrent terms of twenty years with ten years suspended. Jangula also received a ten-year DOC term for felony criminal endangerment. All sentences run concurrently with each other.

Jangula's sentence is legal under Montana law. In his Petition, Jangula refers to the statute where the first five years must be suspended, pursuant to § 46-18-201(3)(a)(iv)(A), MCA. That statute does not apply here. Pursuant to § 46-18-201(3)(a)(iii), MCA, "a sentencing judge may impose a sentence that may include[] a term of incarceration as provided in Title 45 for the offense, at a county detention center or at a state prison to be designated by the [DOC][.]" The District Court had statutory authority to impose twenty-year sentences for assault with a weapon, pursuant to § 45-5-213(2)(a), MCA, and criminal distribution of dangerous drugs, pursuant to § 45-9-101(4), MCA.

Jangula has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. All of his sentences are valid. He is not entitled to habeas corpus relief, his release, reduction or recalculation of his sentence. Therefore,

IT IS ORDERED that Jangula's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record; to Captain Kowalski; and to Randy Jangula personally.

DATED this 16ᵗʰ day of March, 2021.

_____
Justices