ORIGINAL

FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0189

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0189

BOBBY F. LOWRY, V.,

    Petitioner,

v.

LEO DUTTON, Sheriff,
Lewis and Clark County,

    Respondent.

FILED

MAY 04 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Petitioner Bobby F. Lowry, V., has filed a Petition for a Writ of Habeas Corpus, concerning his parole hold in the Lewis and Clark County Detention Center.[1] Lowry explains that on March 30, 2021, he "was arrested on an outstanding warrant and a 'parole hold.'" He states that he was given a release on his own recognizance for the warrant, but that he remains detained on the parole hold without any hearing or procedure. Lowry questions the due process with his hold and the resulting delays. He claims that he is being denied legal access to materials because this jail does not have typewriters or computers and because its personnel would not allow him access to the legal forms he requested from the State Law Library. Lowry requests reimbursement of $250 per day that he is being denied such access to materials and further requests that this jail provide "a place for all incarcerated citizens to legally seek JUSTICE."

As a Petitioner, Lowry has the burden of persuasion that this writ of habeas corpus should issue. *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. Lowry has not provided information about the circumstances giving rise to the parole hold or whether he has been charged with an additional offense. "Parole . . . is

---

[1] Lowry includes a residential address on his Petition, but available electronic records indicate that he is still detained in the Lewis and Clark County Detention Center.

a discretionary grant of freedom from incarceration." *McDermott v. McDonald*, 2001 MT 89, ¶ 24, 305 Mont. 166, 24 P.3d 200. The revocation of parole is not a part of the criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2599-2600 (1972). "At any time during release on parole or conditional release, the department may issue a warrant for the arrest of the parolee for violation of any of the conditions of release . . . ." Section 46-23-1023(1), MCA.

Montana's statutory scheme for supervision of parolees provides the process they are due. Lowry would not be entitled to an initial hearing after arrest if a new charge has been filed against him in District Court. "After the arrest of the parolee, an initial hearing must be held unless[,] . . . the parolee has been charged in any court with a violation of the law[.]" Section 46-23-1024(1)(b), MCA. A parolee who has violated his conditions "may, if circumstances warrant, be incarcerated in the institution." Section 46-23-1023(3), MCA. *See also* § 46-23-1024(6), MCA ("The provisions of Title 46, chapter 9, regarding release on bail of a person charged with a crime are not applicable to a parolee ordered to be held in a county detention center or other facility under this section."). We are unable to determine from the petition whether these circumstances are present. Lowry thus has not shown entitlement to habeas corpus relief.

Finally, Lowry's requests for legal materials at the jail and for reimbursement are not matters that may be addressed by the remedy of habeas corpus.

IT IS THEREFORE ORDERED that Lowry's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Bobby F. Lowry V. personally.

DATED this 4 day of May, 2021.

_____

2

_____

_____

_____

_____
Justices

3