

FILED

08/17/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0393

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0393

DOMINIC KEITH LEE,

Petitioner,

v.

STATE OF MONTANA,
BOB OLSON, Administrator,
S.T.A.R.T.,

Respondents.

FILED

AUG 17 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Dominic Keith Lee has filed a Petition for Writ of Habeas Corpus, requesting release after his March 2021 arrest that led to the revocation of his conditional release. Lee contends that his incarceration is illegal and that he should be returned to his former custody level. He asserts violations of constitutional due process, state law, and policy of the Department of Corrections (DOC). We amend the caption to include the Administrator's name of the S.T.A.R.T. program where Lee is placed.[1]

Lee explains that he was arrested on March 19, 2021, for felony assault with a weapon and transported to Flathead County Jail. Lee was on conditional release, or probation, at the time. While in jail, Lee received verbal notice of a hearing from his Probation and Parole Officer. Lee states that the hearing occurred on March 31, 2021, and that his Probation and Parole Officer, PO II David Dowell, and himself were present. Lee provides that: "There was 'one singular violation' presented by the [DOC], that being an arrest for a felony. The hearing was recorded. David Dowell revokes Mr. Lee[']s conditional release and in that hearing said that if the felony was dismissed, dropped to a

---

[1] S.T.A.R.T. stands for Sanction Treatment Assessment Revocation and Transition, an offender housing and services program with direct supervision, located in Anaconda, Montana.

lower charge, or acquittal then I would be released back to my previous custody level but possibly with a GPS monitor."

Lee contends that "the lone revocation charge of the felony arrest was dismissed" which should vacate the hearing and its results. He cites to HB 66 and the 2017 legislative changes to the probation statutes. *See* §§ 46-23-1015, and 46-23-1028, MCA (2017). Lee argues that the grid, Montana Incentives and Interventions Grid (MIIG), should apply to him when imposing a sanction. Lee states that he has sought resolution through the DOC to no avail. Lee further contends that his due process rights have been violated.

We requested and reviewed the dockets and judgments from the Flathead County District Court. On February 23, 2018, the District Court sentenced Lee to the DOC for seven years with two years suspended for felony criminal endangerment after he entered a guilty plea in November 2017. Lee did not appeal or seek sentence review. The last docketed activity was May 31, 2018, when Lee's counsel filed a Notice of Termination of Attorney/Client Relationship. The State of Montana filed new charges in March 2021. On June 17, 2021, the District Court accepted Lee's guilty plea to misdemeanor disorderly conduct and misdemeanor criminal mischief, imposing a fine and restitution. The court sentenced him to the Flathead County Jail for 180 days suspended for the second misdemeanor and awarded credit for 86 days of time previously in custody.

Lee is correct that his felony was reduced to a misdemeanor charge, but he is incorrect that he should be restored to conditional release. The issue is whether the 2017 statutes and its amendments concerning MIIG apply to Lee. We conclude that the 2017 statutes do not apply here because the amendments became effective on May 19, 2017. Section 46-23-1015, MCA (2017 Mont. Laws ch. 390, § 13). Lee committed the offense of felony criminal endangerment on April 16, 2017, in Flathead County, before the amendment's effective date. The 2015 versions of §§ 46-23-1012, and 46-23-1015, MCA, apply to him.

Lee violated his condition of probation when he was arrested for a new offense. Section 46-23-1012(1), MCA (2015). Lee is entitled to an "informal probation violation

2

intervention hearing" when his Probation and Parole Officer becomes aware of a new offense. Sections 46-23-1012(3)(b) and 46-23-1015, MCA (2015). "A conditional discharge may be revoked if, within the time remaining on the sentence that was conditionally discharged, the individual[,] . . . is charged with a misdemeanor offense for which the individual could be sentenced to incarceration for a period of more than 6 months[.]" Lee was convicted of two misdemeanors and received a suspended sentence of six months. Lee may be placed in a day reporting program, pursuant to § 46-23-1015(3), MCA. *See also* § 53-1-203, MCA (2015).

Lee has not demonstrated illegal incarceration, and he is not entitled to relief. *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. There is no other resolution because the DOC has authority to revoke his conditional release. Section 46-23-1020(2), MCA. Lee is not entitled to his release or a recording of the hearing because his confinement is legal. We conclude that his due process rights have not been violated nor have violations occurred under DOC policy or state law.

IT IS ORDERED that Lee's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record; to Bob Olson, Program Administrator, 801 MT Hwy. 48, Anaconda, MT, 59711; and to Dominic Keith Lee at the address provided.

DATED this 17 day of August, 2021.

_____
Chief Justice

_____

_____

3



_____

Justices