

FILED

08/31/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0403

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0403

DAVID DWAYNE PINES,

Petitioner,

v.

LT. VALDEZ, YELLOWSTONE COUNTY
DETENTION CENTER,

Respondent.

ORDER

FILED

AUG 3 1 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Petitioner David Dwayne Pines (also known as David Dawayne Pines, Sr.) has filed a Petition for Writ of Habeas Corpus, indicating that he is entitled to more credit for jail time served than he received. He contends that he "was not given credit for the 129 days or time done on probation without any violations . . . ."

We requested copies of the register of actions, original judgment, and the judgment for the sentence upon revocation from the Dawson County District Court. Pines appeared with counsel at his sentencing hearing on October 13, 2016. The District Court sentenced Pines to the Montana State Prison (MSP) for a suspended ten-year term for felony criminal endangerment as well as imposing various jail terms for the remaining six misdemeanor offenses. The court awarded Pines fifty-five days of credit for jail time served. Within nine months, the State filed a petition for revocation of suspended sentence with the court. The court dismissed the State's petition upon the State's motion. On April 17, 2018, Pines's Probation and Parole Officer filed an affidavit in support of a petition for revocation of suspended sentence. On January 3, 2019, the District Court revoked Pines's suspended sentence and imposed a ten-year commitment to the Department of Corrections (DOC) with five years suspended because of the admitted and proven violations. The court also awarded Pines 298 days of credit for time served against the term.

Pines asserts that he "had consistent good behavior on probation and even P& P Officer Tara Zoby [recommended] time credited." He contends that his original sentence should have been five years suspended to the DOC and that with this credit of 129 days applied, his discharge date should be June 6, 2021. Pines requests a sentence reduction and his immediate discharge because he has served his sentence.

Pines correctly provides some of the factual background concerning his sentences, but his arguments about additional credit are incorrect. Pines is not due more credit for time served. The District Court awarded him credit for time served in both judgments. Pines does not explain how he arrived at the number of 129 days, and he does not provide any corresponding dates to support his arguments. *See Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186 (the Petitioner in a habeas corpus proceeding has the burden to convince the Court that his writ should issue). His assertion about good behavior on probation does not match what the sentencing court decided in 2019. The District Court specifically stated that Pines is not entitled to time while on probation, also known as street time.

> 7. The Defendant is due NO CREDIT for satisfactory intervening supervision. The Defendant was not in substantial compliance as demonstrated by a change in conduct. The underlying and violation offenses were strikingly similar. There is no indication that intervening supervision benefitted the defendant or society.

Order Revoking Suspended Sentence and Imposing Sentence, at 3 (Mont. Seventh Judicial Dist. Ct. Jan. 9, 2019). The District Court clearly explained why he was not due time on probation.

Pines has not demonstrated illegal incarceration. Pines has a valid sentence under Montana law. Section 46-18-203(7)(a)(iii), MCA (2017). The judge considered any elapsed time and decided not to award Pines any additional credit. Section 46-18-203(7)(b), MCA (2017). Pines has not served his entire sentence because he received another sentence in 2019. Instead of a sentence upon revocation to MSP, Pines received a ten-year commitment to the DOC with five years suspended. Section 46-18-203(8)(c),

2

MCA (2017). Moreover, Pines cannot challenge a sentence upon revocation through the remedy of habeas corpus relief. Section 46-22-101(2), MCA. Pines he is not entitled to a sentence reduction. Accordingly,

IT IS ORDERED that Pines's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to David Dwayne Pines personally.

DATED this 31ˢᵗ day of August, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices