
ORIGINAL

**FILED**

10/04/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0463

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 22-0463

GARRY DOUGLAS SEAMAN,

Petitioner,

v.

DARREN SHORT, Lincoln County Sheriff,

Respondent.

FILED

OCT 0 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Garry Douglas Seaman, via counsel, has petitioned for writ of habeas corpus, alleging that his bail is excessive and violates Article II, Section 22, of the Montana Constitution. Seaman is currently held in the Lincoln County Detention Center and awaits trial on charges of deliberate homicide, attempted deliberate homicide and tampering with or fabricating physical evidence in the Nineteenth Judicial District Court, Lincoln County, in that court's Cause No. DC-22-44.

Seaman's bail was initially set at $25 million on May 31, 2022, by Hon. Matthew J. Cuffe. Seaman was arraigned on June 6, 2022, and pled not guilty to all charges.

On June 7, 2022, Seaman requested substitution. Hon. Jason Marks ultimately assumed jurisdiction over the matter and presided over a bail reduction hearing on August 5, 2022. Seaman argued that his bail should be set at $1 million and that the court could impose conditions including a GPS monitor. The State opposed reduction of bail and it called H.G., the alleged victim of the attempted deliberate homicide charge, as a witness. After hearing, Judge Marks ruled that Seaman's bail would remain set at $25 million.

Seaman then filed the present petition with this Court. He argues that a habeas writ should issue because the District Court has imposed excessive bail. Judge Marks and the State have responded in opposition to Seaman's petition.

Habeas corpus is available to review a decision of a district court on a motion to set bail. *Miller v. Eleventh Judicial Dist. Court*, 2007 MT 56, 336 Mont. 207, 154 P.3d 1186, ¶ 3. A petition for writ of habeas corpus is an original, independent proceeding filed in this Court pursuant to Title 46, Chapter 22, MCA, and we consider it the same as we consider other original proceedings commenced in this Court under M. R. App. P. 14. *Miller*, ¶ 5. The burden in a habeas proceeding is upon the petitioner to convince the Court that a writ should be issued. *Miller*, ¶ 14 (citations omitted).

Under §§ 46-9-106, -108, and -111, MCA, a person who is incarcerated pretrial on a bailable offense shall be released pending trial if reasonable conditions can be imposed that protect the community or any particular individual, and these conditions may include a reasonable bail. *Miller*, ¶ 8. "A defendant is presumed innocent prior to a verdict, and he must be released absent a finding by the trial court that he will likely flee if bail is not imposed." *Miller*, ¶ 8.

Seaman asserts that he is being held on a bailable offense as the State did not file timely notice that it intends to seek the death penalty. Art. II, § 21, Mont. Const. He argues that he is entitled to habeas relief because $25 million is unconstitutionally excessive. Seaman asserts that he is facing two separate civil lawsuits and in one of them, a guardian for H.G. sought and obtained the appointment of a receiver who controls Seaman's assets. He therefore claims that, even if he finds a surety company to post his bail, the receivership "has created an impediment" to his ability to post bail.

Under § 46-9-301, MCA:

In all cases in which bail is determined to be necessary, bail must be reasonable in amount and the amount must be:

(1) sufficient to ensure the presence of the defendant in a pending criminal proceeding;

(2) sufficient to ensure compliance with the conditions set forth in the bail;

(3) sufficient to protect any person from bodily injury;

2

(4) not oppressive;

(5) commensurate with the nature of the offense charged;

(6) considerate of the financial ability of the accused;

(7) considerate of the defendant's prior record;

(8) considerate of the length of time the defendant has resided in the community and of the defendant's ties to the community;

(9) considerate of the defendant's family relationships and ties;

(10) considerate of the defendant's mental health status and of the defendant's participation in a mental health treatment program;

(11) considerate of the defendant's employment status; and

(12) sufficient to include the charge imposed in 46-18-236.

Seaman argues that the District Court failed to consider all twelve factors in his case and disproportionately focused on subsection (6), consideration of his financial ability.

In response, Judge Marks asserts that H.G. offered credible, uncontroverted testimony that we describe below as necessary. Judge Marks further notes that Seaman has a motion to dissolve the receivership pending.

Both the State and Judge Marks further assert that the court properly considered all of the factors found in § 46-9-301, MCA, and set bail at $25 million which the court determined was reasonable because "a high likelihood exists that Mr. Seaman will flee if bail is not imposed." Judge Marks denies Seaman's assertion that the District Court exclusively relied on § 46-9-301(3), MCA ("sufficient to protect any person from bodily injury"), and § 46-9-301(6), MCA ("considerate of the financial ability of the accused"), but rather weighed each of the twelve factors.

3

Judge Marks sets forth his weighing of each factor in his response, which we do not find necessary to repeat at length. However, we briefly note that our review indicates Judge Marks relies on sufficient evidence in support of the weight he assigned each factor.

Of particular relevance to his determination that $25 million bail is appropriate in this case, the District Court concluded that without sufficient bail Seaman is likely to flee the jurisdiction. At the bail reduction hearing, H.G. testified, uncontroverted, that Seaman prepared and stashed several "bug out bags" prior to his arrest that were packed with guns, money, and other essential items so that, if necessary, Seaman could "be ready to run." Judge Marks notes that in this case, Seaman is "literally a flight risk: he owns an airplane and is capable of operating it." He further notes that the seriousness of the charges and potential length of incarceration Seaman faces incentivizes any inclination to flee. Because he determined that Seaman has both the means and motive to flee, he weighed this factor "heavily" in setting a high bail.

Similarly, the court heavily weighed § 46-9-301(3), MCA, because Seaman stands accused of stalking H.G. to a secluded campsite where he shot and killed her companion and then "shot H.G. with the same shotgun five times and left her for dead." At the bail reduction hearing, H.G. testified that she is "terrified" of Seaman and that she is convinced that she and her family would be in grave danger if he was released from custody as Seaman "has nothing to lose." H.G. further testified that she believes Seaman has already formulated a plan to kill her and possibly her family if he gets the opportunity to do so, and that she believes that she and her family will be forced to flee if he is released.

Judge Marks further argues that the $25 million amount is not oppressive in this instance, as § 46-9-301(4), MCA, requires, as the evidence indicates that Seaman's assets that the receiver has thus far taken control of total at least $12 million. The State points to H.G.'s unrefuted testimony as to Seaman's extensive assets, including over 30 pieces of real estate, some of which are valued in excess of $1 million, as well as hundreds of thousands of dollars in cash and gold, "hundreds" of firearms, and a fleet of valuable motor

vehicles. The State points out that Seaman has not asserted that he *cannot* post bail, but only that certain barriers, such as the receiver, *may* impede his ability to post bail.

A district court has the discretion to grant or deny release and bail as well to set conditions. *Grafft v. Mont. Fourth Judicial Dist. Ct.*, 2021 MT 201, ¶ 11, 405 Mont. 192, 492 P.3d 1213. In setting bail, Montana courts are constrained to the factors enumerated in § 46-9-301, MCA, and within those restrictions the amount is left to the trial court's sound discretion and will be upheld if reasonable. *Grafft*, ¶ 14 (quotation and citation omitted).

In this instance, Seaman has not proven that the District Court erred in concluding that bail was necessary, and that $25 million was reasonable in amount under these facts, or that the District Court failed to properly consider all factors under § 46-9-301, MCA. Seaman devotes the majority of his petition to discussing the amount of bail set for other defendants facing charges Seaman contends are comparable to his own with no regard for those defendants' individual circumstances, including financial ability. While § 46-9-301(5), MCA, requires that the bail amount be commensurate with the offense charged, none of the statutory factors provide for a comparison of the challenged amount with the bail set in other cases; since we are constrained to the factors enumerated in the statute, the bail amount set for other defendants in unrelated matters is wholly irrelevant here. Thus Seaman has not demonstrated that he is illegally incarcerated. Section 46-22-101(1), MCA.

IT IS THEREFORE ORDERED that Seaman's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable Jason Marks, Nineteenth Judicial District Court, Lincoln County, under Cause No. DC-22-47; the Attorney General; to counsel for the Department of Corrections; and to Petitioner.

5

DATED this 4 day of October, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

6