FILED

05/30/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0269



IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0269

FILED

MAY 3 0 2023

Bowen ~~~~ ~~od
Clerk of S~~~~ Court
State of Montana

WAYNE A. HUSSAR, II,

       Petitioner,

v.

PETE BLUDWORTH, Warden,
Crossroads Correctional Center,

       Respondent.

O R D E R

Wayne A. Hussar, II, has filed a Petition for Writ of Habeas Corpus, contending the Board of Pardons and Parole (Board) should have granted him parole, and violated his due process rights. We amend the caption to indicate the current warden.

This Court is familiar with Hussar's history. Hussar is serving a ten-year prison sentence for assault on a peace officer and a consecutive, three-year commitment upon revocation to the Department of Corrections for tampering with or fabricating physical evidence.

In his Petition, Hussar asserts his innocence and requests immediate release from, as well as financial compensation for, his incarceration. He offers that a probation and parole officer gave him "disinformation" while he was a parolee, and that he was subjected to a "false violation."

A petition must be supported by sufficient documentation to support the arguments. *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. Hussar includes copies of "affidavits," but they are not made under oath or notarized. Section 26-1-1001, MCA. No copies of a case disposition regarding a parole denial or revocation are included.

"Under both Montana and federal precedent, parole is a privilege and not a right." *McDermott v. McDonald*, 2001 MT 89, ¶ 19, 305 Mont. 166, 24 P.3d 200. Parole is granted

as a matter of grace; it is not a right but a privilege. *McDermott*, ¶ 19. Hussar has not demonstrated that the Board violated his due process rights in its decision, and any challenge about his Parole Officer's words or revocation should be directed to the Board. Section 46-23-1025, MCA. His claims concerning financial compensation are not appropriate for habeas corpus. Section 46-22-101(1), MCA. Hussar has not demonstrated he is entitled to habeas corpus relief, and thus, is not entitled to his immediate release. Accordingly,

IT IS ORDERED that Hussar's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Wayne A. Hussar II personally.

DATED this 30 day of May, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

2