ORIGINAL



FILED

04/10/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0202

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0202

KRISTIN COOPER,

Petitioner,

v.

MONTANA SIXTH JUDICIAL DISTRICT
COURT, PARK COUNTY, HONORABLE
BRENDA R. GILBERT, Presiding Judge,

Respondent.

FILED

APR 10 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioner Kristin Cooper seeks a writ of supervisory control over the Sixth Judicial District Court, Park County, Cause No. DR-17-68. Petitioner asserts the District Court made mistakes of law in two specified orders—the June 6, 2023 Findings of Fact[,] Conclusions of Law and Order and the December 12, 2023 Findings of Fact, Conclusions of Law and Order Regarding Respondent's Motion to End Supervised Visitation—as well as "other orders issued" by the District Court in this case.

On April 9, 2024, we denied Cooper's petition and dismissed it without prejudice because we determined that Cooper had failed to provide necessary exhibits as required by M. R. App. P. 14(5)(iv). We subsequently discovered that our ruling was in error as Cooper had filed the exhibits after filing the petition and we inadvertently excluded them from our review. Having located the exhibits, we thus consider Cooper's petition on its merits.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors make the normal appeal process inadequate, the case involves purely legal questions, and one or more of the three following circumstances exist; the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or the other court has granted

or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3).[1] Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Cooper presents two issues in her petition: whether the District Court "proceed[ed] under a mistake of law, resulting in a gross injustice" to Cooper and her minor child "by entering" the above-specified Orders "as well as other orders issued" and whether Judge Gilbert should be "removed from this case based on a conflict of interest, personal bias, and misrepresentation to [Cooper] in court proceedings."

As to Cooper's first issue, she does not cite to any authority nor specify the error of law that allegedly occurred. She advises us that the orders she challenges are in fact already before this Court in a pending appeal, but she alleges appeal is not an adequate remedy because the appeal is "stalled" waiting for the production of transcripts. The burden of persuasion is on the petitioner to convince the Court to issue a writ. *Disability Rights Mont. v. Mont. Judicial Dists. 1-22*, No. OP 20-0189, 400 Mont. 556 (Apr. 14, 2020) (citing *Miller v. Eleventh Judicial Dist. Court*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186). M. R. App. P. 14(5)(b)(ii) requires, in part, that a·petition must set forth authorities pertaining to the merits of the issue raised. In this instance, Cooper cannot meet her burden where she fails to provide any legal authority for her arguments.

As to Cooper's second issue, she makes numerous accusations against Judge Gilbert without providing evidentiary support. M. R. App. P. 14(5)(iv) requires that a petition for writ must contain: "To the extent they exist, as exhibits . . . a copy of each judgment, order, notice, pleading, document proceeding, or court minute referred to in the petition or which is necessary to make out a prima facie case or to substantiate the petition or conclusion or

---

[1] In its petition, the State does not accurately address the criteria of Rule 14(3). Instead, it quotes *Plumb v. Fourth Judicial Dist. Court*, 279 Mont. 363, 369, 927 P.2d 1011, 1015 (1996), the holding of which was superseded by Rule 14 over a decade ago.

legal effect." Cooper alleges that she filed a "motion to recuse," but she does not provide that filing. She further cites § 3-1-805, MCA, the statute pertaining to disqualification of judges, and alleges Judge Gilbert "held" a motion to disqualify and held certain hearings that Cooper believes pertain to that motion, but Cooper does not provide that filing, either, nor does she provide any minute entries or orders resulting from the hearings she believes are relevant to this issue. Again, she has failed to persuade this Court that supervisory control is warranted.

Therefore, in accordance with M. R. App. P. 14(7),

IT IS ORDERED that this Court's April 9, 2024 Order dismissing this petition is WITHDRAWN.

IT IS FURTHER ORDERED that this petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Sixth Judicial District Court, Park County, Cause No. DR-17-68, and the Honorable Brenda R. Gilbert, presiding.

DATED this 10th day of April, 2024.

Justices

3