
ORIGINAL

FILED

09/17/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0510

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 24-0510

_____

ALEXANDER THOMAS WARD,

      Petitioner,

v.

JAMES SALMONSEN, WARDEN,
Montana State Prison,

      Respondent.

O R D E R

FILED

SEP 1 7 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

_____

Alexander Thomas Ward petitions this Court for a writ of habeas corpus, asserting that he is entitled to more jail time and elapsed time credit under his recent sentence upon revocation.

Ward contends that the Department of Corrections (DOC) has incorrectly calculated his sentence, which illegally extends his discharge date. He states that the length of his sentence is longer than the law allows. Ward puts forth that his "revocation was based on getting a new charge, which was dismissed after [the revocation]." He further states that he "would not have pled guilty if [he were not] entitled to a suspended sentence." Lastly, he adds that his counsel was ineffective and that he was not given credit for time served on his initial arrest [and] probation time served subsequently." Ward requests his release from prison, reduction of his sentence or reinstatement of his deferred sentence, and compensation "for illegally making [him] serve prison time."

This Court observes, at the outset, that Ward has not provided any supporting documents, judgments, or even the court where his sentence was revoked. Ward, as a Petitioner, carries the burden in a petition for habeas corpus relief that a writ should issue. _Miller v. Eleventh Judicial Dist. Ct._, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. Ward must present a record that is a sufficient showing of the District Court violating or

denying "his constitutional, statutory, or legal rights." *Miller*, ¶ 14. He has not done so.

We secured copies of the judgments and petition to revoke from the Fourth Judicial District Court, Missoula County. In May 2023, the District Court accepted Ward's guilty pleas to two felony counts of criminal possession of dangerous drugs. On June 30, 2023, the court deferred imposition of two, concurrent three-year terms and imposed probationary conditions. The court awarded fifteen days of jail time credit. He did not appeal.

The State petitioned to revoke his deferred sentence in November 2023, alleging two non-compliance violations and a compliance violation. On February 5, 2024, Ward appeared for sentencing after violations of his conditions had been established. The court committed Ward to the DOC for two, concurrent five-year terms with three years suspended. The court also awarded credit for time served as well as elapsed time: fifteen days for the prior jail time credit; sixty-six days of jail time credit prior to the revocation; and elapsed time or street time credit of three months. Ward did not appeal.

Upon review, we conclude that Ward's arguments lack merit. The District Court awarded him credit appropriately, and the DOC has correctly calculated his sentence upon revocation. We point out that Ward has not shown otherwise. When faced with a revocation of a deferred sentence after the District Court has found "that the offender has violated the terms and conditions," the court may "revoke the suspension of the sentence and require the offender to serve . . . any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence[.]" Section 46-18-203(7)(a)(iii), MCA. Here, the District Court revoked Ward's three-year deferred imposition of sentence, and imposed a two-year term of incarceration with three years suspended. The maximum punishment for two felony counts of criminal possession of dangerous drugs could have been two consecutive, five-year terms, or ten years of imprisonment. Section 45-9-102(2), MCA. Under Montana law, Ward has a valid sentence which is not any longer than provided by statute.

2

Any claim about ineffectiveness of counsel could be pursued in the sentencing court through a petition for postconviction relief. *See* § 46-21-101, through § 46-21-203, MCA. Ward has that option.

Ward has not demonstrated an illegal sentence or illegal incarceration. Section 46-22-101(1), MCA. Regardless of a charge's dismissal, Ward had two non-compliance violations precipitating his sentence upon revocation. Sections 46-18-203(10)(b), and 46-23-1012(5), MCA. Ward is precluded from challenging his sentence upon revocation through a writ of habeas corpus. Section 46-22-101(2), MCA. Accordingly,

IT IS ORDERED that Ward's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Alexander Thomas Ward personally.

DATED this 17th day of September, 2024.

_____

_____

_____

_____

_____
Justices

3