FILED

10/17/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0495

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0495

MATTHEW MARK LAFORGE,

Petitioner,

v.

D.J. GODFREY, WARDEN,
CROSSROADS CORRECTIONAL CENTER,

Respondent.

FILED

OCT 17 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Matthew Mark LaForge returns to this Court with a petition for a writ of habeas corpus, alleging that he is due credit for elapsed time or that the District Court Judge should have included a reason for this credit's denial, pursuant to § 46-18-203(7)(b), MCA (2017). In compliance with this Court's August 28, 2024 Order, the State responds that this Court should remand the matter to the District Court, directing the court to issue an amended order with the reasons for the elapsed time credit's denial.

The State provides a detailed accounting of LaForge's sentencing history. On November 3, 2010, the Lewis and Clark County District Court sentenced LaForge to the Montana State Prison (MSP) for a five-year term with all but thirty days suspended for felony partner or family member assault (PFMA) and dismissed the other felony, pursuant to a plea agreement. The State filed a petition to revoke LaForge's suspended sentence in early June 2011.

Also in 2011, the State charged LaForge with his second PFMA in the Cascade County District Court. The Cascade County District Court sentenced LaForge to a four-year term to MSP in early 2012. On January 25, 2012, the Lewis and Clark County District Court held a revocation hearing from MSP for LaForge. After LaForge admitted the violations, the court revoked his suspended sentence and imposed a five-year, suspended sentence to MSP, running consecutively to his four-year, MSP term from the Cascade

County District Court.[1] LaForge discharged his four-year term on October 30, 2015, and LaForge began serving his five-year probationary term. Each District Court had awarded LaForge credit for time served.

On June 4, 2017, the State charged LaForge with his third felony PFMA in the Yellowstone County District Court. Less than two weeks later, the State petitioned the Lewis and Clark County District Court for revocation of LaForge's suspended sentence. LaForge was later arrested in Yellowstone County, and on September 7, 2017, LaForge entered a guilty plea to PFMA in the Yellowstone County District Court. The District Court sentenced LaForge as a persistent felony offender (PFO), imposing an eight-year commitment to the Department of Corrections (DOC) with three years suspended. LaForge was transported to the Lewis and Clark County Detention Center.

In the Lewis and Clark County District Court, LaForge admitted violations of his suspended sentence. On November 7, 2017, the District Court sentenced LaForge to an unsuspended, five-year term to MSP, running the sentence consecutively to his sentence from the Yellowstone County District Court.[2] The court awarded credit for time served, but it did not address credit for elapsed time.

The State points out that LaForge sought relief in the District Court in 2023. LaForge, on his own behalf, filed a motion in the Lewis and Clark County District Court, and he requested credit for time served on probation from October 30, 2015 to June 4, 2017, as well as credit for time served in jail from June 4, 2017 to November 9, 2017. The State responded and agreed that LaForge was entitled to jail time credit from June 21, 2017 to November 7, 2017. The State opposed any credit for elapsed time or time while on

---

[1] While not before this Court, this 2012 sentence upon revocation would be longer than the law allows, pursuant to § 46-18-203(7)(a)(iii), MCA.

[2] Again, neither party raises this issue, and it is not before this Court, yet the 2017 sentence upon revocation appears to violate Montana law. *Boggs v. McTighe*, No. OP 19-0313, 2019 Mont. LEXIS 278, Order (Jul. 23, 2019).

2

probation. The Lewis and Clark County District Court denied LaForge's motion on July 24, 2023, directing him to file a petition for a writ of habeas corpus.

LaForge instead filed a writ for habeas corpus relief with this Court. This Court granted LaForge's writ in part and remanded the underlying matter to the Lewis and Clark County District Court for amending its November 7, 2017 dispositional order to include the additional credit for time served between June 21 and November 7, 2017. *LaForge v. State et al.*, No. OP 23-0498, Order at 2-3 (Mont. Oct. 3, 2023) (*LaForge I*). The State points out that in *LaForge I*, we denied LaForge relief as to any other claims. *LaForge I*, at 3. LaForge mentioned elapsed time credit along with a panoply of other claims about a plea, counsel's effectiveness, PFO designation, and sentence entrapment. We did not consider the issue of elapsed time, determining that his other raised claims were not appropriate for habeas corpus relief. *LaForge I*, at 2. We stated, after referring to the State's June 29, 2023 Response to LaForge's motion for reconsideration of time served filed in the District Court, the "State responded that LaForge was due credit for time served but not street time." *LaForge I*, at 2.

The State reiterates in its instant response: LaForge has not presented any evidence that he is due credit for elapsed time before the revocation of his sentence in the Lewis and Clark County District Court. The State contends that LaForge has not presented a *prima facie* case for habeas corpus relief, as required by law. Section 46-22-101(1), MCA; *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. Citing to § 46-18-203(7)(b), MCA (2017), the State further points out that the District Court had a statutory duty to consider elapsed time credit or to provide the reason for its denial; consequently, the State concludes that this Court should remand matter the matter for the District Court to provide its reason for the denial in an amended order.

Acknowledging LaForge's evidentiary deficit, however, the State requested documents from the prosecuting attorney, attaching copies of LaForge's Case Update Listing, the Deputy County Attorney's Affidavit, and her typed-written notes from 2017. In the Affidavit, the Deputy County Attorney attests that, according to the Probation and

Parole Officer who provided testimony, "there was no time period during which Mr. LaForge was in compliance with his supervision." The State offers that "LaForge may have been compliant with probation from July to September 2016 and November 2016 to May 2017, but that information was "not admitted into evidence." The State concludes that insufficient evidence exists for this Court to grant LaForge credit for elapsed time.

Upon review of LaForge's Petition and the State's Exhibits, we reach a different conclusion than the State. Both LaForge and the State have provided—as part of our record here—the June 7, 2017 Report of Violation, which was filed in the District Court. LaForge's Probation and Parole Officer wrote that when LaForge discharged his sentence from the Cascade County District Court on October 30, 2015, he began serving his suspended sentence from the Lewis and Clark County District Court and "was on supervision with Havre Probation and Parole[,]" until August 25, 2016. This time frame corresponds to the Deputy County Attorney's notes. Beginning on August 25, 2016, LaForge had his supervision changed to Hardin Probation and Parole, and on April 14, 2017, LaForge started his supervision with the Billings Probation and Parole where he violated on June 3, 2017. During the time period at issue (October 30, 2015 until June 3, 2017), this Report of Violation reflects no disciplinary hearing or prior violations for LaForge.

This Court observes that the State's copies of LaForge's Case Update Listing and Deputy County Attorney's notes are replete with LaForge's activities and infractions, such as failure to report, arrests for various misdemeanors, drug use, and alcohol use. This Court further observes that during October 2015 to June 2017, there are three times where an arrest is mentioned. *See* § 46-23-1012, MCA (2015 and 2017) (DOC's supervision of probationers and authority for an arrest for alleged probation violations, probation non-compliance, or probation violator intervention). LaForge was in jail for either a probation hold or misdemeanor conviction during these times: January 1, 2016 (Hill County); February 22 to February 24, 2016 (Hill County); and February 24, 2016 to July 20, 2016 (Valley County). These holds and jail time equal 150 days. The consequential probation

4

violation occurred on June 3, 2017, when LaForge was arrested for PFMA and detained in the Yellowstone County Detention Center.[3]

We conclude that LaForge is entitled to credit while on probation or elapsed time during this time frame, minus the time he spent in jail. *See Rood v. Laughlin*, No. OP 20-0553, Order (Mont. May 4, 2021) (this Court, relying on § 46-18-203(7)(b), MCA (2017), awarded credit for elapsed time to Petitioner Rood because he had not had any other reported violations prior to the Report of Violation). LaForge is entitled to 432 days: October 30, 2015 through December 31, 2015 (63 days); January 2, 2016 through February 21, 2016(51 days); and July 20, 2016 through June 2, 2017 (318 days).

We further conclude that LaForge is not entitled to resentencing. LaForge, however, is entitled to some credit while on probation. Therefore,

IT IS ORDERED that LaForge's Petition for Writ of Habeas Corpus is GRANTED in part, REMANDING his underlying matter to the Lewis and Clark County District Court to amend its October 4, 2023 Amended Order Revoking Defendant's Suspended Sentence and Amended Judgment and Commitment to include 432 days of credit for time served: October 30, 2015 through December 31, 2015 (63 days); January 2, 2016 through February 21, 2016 (51 days); and July 20, 2016 through June 2, 2017 (318 days).

The Clerk is directed to provide a copy of this Order to: the Honorable Christopher D. Abbott, District Court Judge; Angie Sparks, Clerk of District Court, under Cause No. DDC 2010-248; counsel of record; and Matthew Mark LaForge personally.

DATED this 17ᵗʰ of October, 2024.

_____
Chief Justice

_____

---

[3] LaForge's Case Update Listing notes that the On-Call Officer was not notified of the arrest and found LaForge's name in the jail roster.

_____

_____

_____
Justices