ORIGINAL

FILED
11/13/2024
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: OP 24-0617

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0617

TYILER RAFFERTY,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison, and
T.J. GODFREY, Warden,
Crossroads Correctional Center,

Respondents.

ORDER

FILED

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Tyiler Rafferty has filed a Petition for Writ of Habeas Corpus alleging he is due additional credit both for time served and elapsed time. Rafferty provides no supporting documents with his Petition. We amend the caption to reflect Rafferty's current placement at the Crossroads Correctional Center, as of October 31, 2024.

Rafferty explains that he has two sentences from two different courts—Rosebud County District Court (DC-2015-34) and Dawson County District Court (DC-22-036). He states that he was released from prison on December 17, 2019, and that he was arrested on October 28, 2022. Rafferty states he spent thirty-one days in jail after his arrest in Dawson County until he posted bond. He adds that he "was out" until his March 15, 2023 sentencing in the Rosebud County District Court. He arrives at 138 days as credit (October 28, 2022 to March 15, 2023). Rafferty further states that he spent forty-eight days in Rosebud County jail "following his revocation sentence . . . ," thus reaching a total of 186 days. Rafferty points out that he "was only given 89 days credit for the possession charge & 27 days plus 2 years (730 days) credit for his revocation." He contends he is owed an additional 111 days in his Rosebud County matter and 97 days in the Dawson County case.

We secured copies of Rafferty's sentencing judgments. On August 1, 2016, the Rosebud County District Court committed Rafferty for eight different sexual offenses. The court imposed: a two-year, suspended term to the Montana State Prison (MSP) for felony sexual assault (Count I); a four-year, suspended term to MSP for felony sexual intercourse without consent (Count II); a four-year, suspended term to MSP for felony sexual intercourse without consent (Count III); a four-year, suspended term to MSP for felony sexual intercourse without consent (Count IV); a five-year, <u>unsuspended</u> term to MSP for felony sexual intercourse without consent (Count V); a four-year, suspended term to MSP for felony sexual intercourse without consent (Count VI); a three-year, suspended term to MSP for felony sexual intercourse without consent (Count VII); and a four-year, suspended term to MSP for felony sexual intercourse without consent (Count VIII). (Emphasis added). The court ran Counts I, IV, and VIII concurrently with each other and ran the remaining counts (Counts II, III, V, VI, and VII) consecutively to each other. The court awarded 126 days of credit for time served prior to sentencing.

On July 1, 2022, the State filed a petition to revoke, but it later asked the court to dismiss the petition. On November 1, 2022, the State again filed a Petition to Revoke Suspended Sentence, and the Rosebud County District Court held an initial appearance for Rafferty, advising him of his rights and violations. The court found that the State had proven all nine violations and set a March 15, 2023 dispositional hearing. The court revoked Rafferty's suspended sentences, noting that the sentence for Count V had expired. The court imposed the 2023 sentence upon revocation as follows: Count II, an unsuspended, four-year term; Count III, a suspended, four-year term; Count VI, a suspended, four-year term; and Count VII, a suspended, three-year term. Counts II, III, VI, and VII run consecutively to each other making a total sentence of fifteen years with eleven years suspended. The District Court awarded credit for street time toward his custodial sentence in Count II, and gave Rafferty street time or elapsed time credit from March 27, 2021, "when he commenced his probationary [sentence] through October 24, 2022 when the photos were discovered during a search of his telephone in the amount of 576 days." The court further awarded toward this sentence, only for Count II: 113 days

2

of street time credit while on bail from November 22, 2022 until March 15, 2023, and credit for jail time served of 39 days, reaching a total credit of 728 days. For the other sentences, the District Court imposed a suspended, concurrent two-year term for Count I; a suspended, concurrent four-year term for Count IV; and a suspended, concurrent four-year term for Count VIII. The court imposed the same credit, as outlined above, to the sentences for these three Counts. The court stated that Counts I, IV, and VIII run concurrently with Counts II, III, VI, and VII (2023 sentence upon revocation).

The Dawson County District Court held a sentencing hearing on May 2, 2023, for Rafferty's new offense of unauthorized possession of a firearm by a convicted person, committed on October 25, 2022. The District Court sentenced Rafferty to the Department of Corrections for a two-year term and awarded eighty-seven days of credit for time served (possession sentence). We note that the time frame is forty-eight days from March 16, 2023 until his May 2, 2023 sentencing, as Rafferty correctly states in his Petition.

Upon review of his claims, we conclude that Rafferty is mistaken about additional credit. A Montana statute defines credit for time served: "When imposing a sentence under this section that includes incarceration in a detention facility or state prison . . . , the court shall provide credit for time served by the offender before trial or sentencing." Section 46-18-201(9), MCA (2021). Street time or elapsed time credit is found in a separate statute, specifically the statute governing revocation of a suspended sentence. Upon revocation of a suspended sentence, "the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence." Section 46-18-203(7)(b), MCA (2021).

Here, the Rosebud District Court correctly applied elapsed time credit as explained above. Turning to his jail time credit, Rafferty received thirty-nine days' credit when it appears that he was arrested on October 24, 2022, and then released on bail on November 22, 2022, or twenty-nine days. This Court does not have any other information to reach the award of thirty-nine days. Rafferty is mistaken when he combines the credit for time served along with elapsed time together in his case from the Rosebud County

3

District Court. For example, he puts forth that he is due 138 days from October 28, 2022 until his March 15, 2023 sentencing hearing, yet he did not spend the entire time in jail. The Rosebud County District Court awarded thirty-nine days for jail time served and 113 days for elapsed time served while on bail, or 152 days.

In the Dawson County District Court, Rafferty received the possession sentence after his 2023 sentence upon revocation from the Rosebud County District Court. When the Dawson County District Court imposed the two-year term as the possession sentence, the court did not designate how the sentence would run. Thus, by default, the possession sentence runs consecutively to the 2023 sentence upon revocation from Rosebud County. Section 46-18-401(4), MCA. Rafferty cannot combine credit—whether jail time or elapsed time from his 2023 sentence upon revocation—together with the possession sentence. The credit does not aggregate because Rafferty's sentences from the two District Courts run consecutively to each other. There is no merger of credit for time served. *See* § 46-18-401, MCA.

As a Petitioner, Rafferty has the burden to persuade this Court that a writ should issue. *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. He has not done so. Rafferty has not provided any information or law that the courts' awards of credit are incorrect here as evidenced in the written judgments. Therefore,

IT IS ORDERED that Rafferty's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Tyler Rafferty, Crossroads Correctional Center, 50 Crossroads Avenue, Shelby, MT, 59474.

DATED this 12 day of November, 2024.

_____
Chief Justice

4

_____

_____

_____

_____
Justices