

FILED

12/04/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0690

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0690

DARIN C. MOWER,

    Petitioner,

v.

MONTANA ELEVENTH JUDICIAL DISTRICT
COURT, FLATHEAD COUNTY, HON.
DANIELLE COFFMAN, Presiding,

    Respondent.

O R D E R

FILED

DEC 0 4 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioner Darin C. Mower, via counsel, seeks a writ of supervisory control directing the Eleventh Judicial District Court, Flathead County, to vacate its October 28, 2024 Order Denying Motion for Contempt and Ex[c]lusive Possession and set a hearing on Mower's motion for contempt in its Cause No. DR-15-2023-0000042. Mower asserts that the District Court denied him due process by denying his motion without first holding a hearing.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). The burden of persuasion is on the petitioner to convince the Court to issue a writ. *Disability Rights Mont. v. Mont. Jud. Dists. 1-22*, No. OP 20-0189, 400 Mont. 556 (Apr. 14, 2020) (citing *Miller v. 11ᵗʰ Jud. Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186).

Mower asserts the District Court is operating under a mistake of law, causing a gross injustice to Mower, by failing to hold a hearing before denying his motion. Mower argues, "Contempt for an act not committed in the presence of the court requires a hearing. MCA § 3-1-512." However, that statute does not provide such authority. Section 3-1-512, MCA, provides, "When the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit of the facts constituting the contempt or a statement of the facts by the referees or arbitrators or other judicial officer shall be presented to the court or judge." This statute gives Mower the burden to provide the District Court with an affidavit sufficient for that court's determination. It does not obligate the court to hold a hearing to obtain those facts.

Mower offers no authority, nor are we aware of any, that compels a court to set a hearing on a motion for contempt prior to a summary denial of such motion. *But see* § 3-1-518, MCA (requiring hearing to allow person to answer a charge of indirect contempt prior to court holding the person in contempt). Mower has not met his burden to demonstrate that supervisory control is warranted in this case because he has not convinced us that the District Court ruled in error.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Eleventh Judicial District Court, Flathead County, Cause No. DR-15-2023-0000042, and the Honorable Danielle Coffman, presiding Judge.

DATED this 4 day of December, 2024.

_____

_____

_____

2

_____

_____
Justices