ORIGINAL


FILED

02/06/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0071

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0071

T.K. and K.K.,

      Petitioners,

v.

MONTANA SEVENTEENTH JUDICIAL
DISTRICT COURT, VALLEY COUNTY,
THE HONORABLE YVONNE LAIRD,
DISTRICT JUDGE,

      Respondent.

O R D E R

FILED

FEB - 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioners T.K. and K.K., via counsel, seek a writ of supervisory control vacating an order, referred to by Petitioners as a "Gag Order," of the Seventeenth Judicial District Court, Valley County, in its Cause No. DN-2023-03. Petitioners further ask this Court to stay a contempt hearing that the District Court has set for February 21, 2024.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

The burden of persuasion is on the petitioner to convince the Court to issue a writ. *Disability Rights Mont. v. Mont. Judicial Dists. 1-22*, No. OP 20-0189, 400 Mont. 556 (Apr. 14, 2020) (citing *Miller v. Eleventh Judicial Dist. Court*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186). In this case, we conclude the petitioners have not met this burden.

First, T.K. and K.K. provide nothing of record in support of their petition regarding the proceeding or the order(s) entered by the District Court. M. R. App. P. 14(5)(b)(iv) requires that a petition for writ must contain: "To the extent they exist, as exhibits . . . a copy of each judgment, order, notice, pleading, document proceeding, or court minute referred to in the petition or which is necessary to make out a prima facie case or to substantiate the petition or conclusion or legal effect." Although an affidavit of K.K. is attached to the petition, no part of the record has been included, the information provided is insufficient to permit a review of the order(s) to which they object, and a prima facie case has not been made out under the Rules.

Next, T.K. and K.K. advise that the District Court has set a hearing for February 21, 2024, to determine if K.K. should be held in contempt for violating the "Gag Order." They ask this Court to stay the matter because they believe "they will likely be jailed" by the District Court. It is apparent that, at this point, the District Court has issued no ruling regarding contempt, and has simply noticed a hearing. It seems evident that any assertion of contempt against them would permit T.K. and K.K. to raise all appropriate defenses, including the violation of any of their constitutional rights. However, we cannot determine that supervisory control is warranted at this stage of the proceeding and upon this record. No mistake of law or emergency factors have been demonstrated. M. R. App. P. 14(3)(a). After the hearing, the parties may pursue any post-contempt remedy they consider necessary. Therefore, in accordance with M. R. App. P. 14(7),

IT IS ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Seventeenth Judicial District Court, Valley County, Cause No. DN-2023-03, and the Honorable Yvonne Laird, presiding.

DATED this ___ day of February, 2024.

_____
Chief Justice

2

_____
Jim Rice

_____
Thomas Peterson

_____
Dirk M. Sandefur

_____
Sonya P. Gerald
Justices

3