

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0070

FILED

02/06/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0070

ZAYNE HERT; AMBER HERT and
KELLY HERT, Legal Parents to Zayne Hert,

Petitioners,

v.

MONTANA SIXTEENTH JUDICIAL
DISTRICT COURT, ROSEBUD COUNTY,
HON. NICKOLAS C. MURNION, Presiding,

Respondent.

ORDER

FILED

FEB - 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioners Zayne Hert and his parents Amber Hert and Kelly Hert ("Zayne," "Amber," "Kelly," and collectively "Herts") seek a writ of supervisory control over the Sixteenth Judicial District Court, Rosebud County, in that court's Cause No. DV-23-53. The Herts allege that supervisory control is necessary because the District Court erred in denying their emergency motion for preliminary injunction.

Zayne is a fifth-year senior at Colstrip High School. During the 2020-2021 school year, Zayne participated in remote learning. Due to his grades, Zayne did not participate in high school activities during that school year. The Herts decided it would be in Zayne's best interest to complete an additional year of high school in lieu of taking on a larger class load. Kelly met with the athletic director of the Colstrip High School in the Spring of 2021 to determine if Zayne would be eligible to participate in high school activities, specifically basketball, during the 2023-2024 school year, which would be Zayne's fifth year of high school. Although there was initial belief or hope that Zayne would be eligible to participate in basketball during the 2023-2024 school year, in the spring of 2023, Colstrip High School Principal Robin Nansel informed the Herts that the Montana High School Association (MHSA) had determined that Zayne would not be eligible to participate in basketball

during the 2023-2024 school year. At the end of the 2022-2023 school year, Zayne had been enrolled in Colstrip High School for four years and eight consecutive semesters, and was no longer eligible to play basketball under MHSA's "semester rule," which limits a student athlete's eligibility to play to "four (4) consecutive years [eight (8) consecutive semesters] after entering the ninth grade." MHSA By-Laws, Art. II, Sec. 8.1.

The Herts asked the MHSA to reconsider its determination or consider a waiver, and the MHSA Board held a hearing on the matter on August 16, 2023. On August 17, 2023, the MHSA Director sent a letter to Principal Nansel that affirmed its previous determination that Zayne would not be eligible to participate in basketball during the 2023-2024 school year. That same day, Amber emailed the MHSA Director and requested additional information about the basis for MHSA's determination and whether Zayne had exhausted all remedies to appeal the MHSA's determination. The MHSA Director responded to Amber via email, but did not directly answer all the questions she had posed.

On November 1, 2023, the Herts filed a Verified Complaint for Judicial Review, Declaratory Relief, and Preliminary and Permanent Injunctive Relief in the District Court. On November 9, 2023, the Herts further filed an Emergency Motion for Preliminary Injunction in this matter. Although the Herts' petition before this Court implies that nothing of import happened until the District Court held an evidentiary hearing on January 17, 2024, the District Court ruling that is the subject of the present petition indicates the court initially set an evidentiary hearing on November 29, 2023, but vacated the hearing because the Herts filed a First Amended Complaint for Judicial Review, Declaratory Relief, and Preliminary and Permanent Injunctive Relief on November 28, 2023, which added an additional defendant, and that a defendant moved to dismiss the case pursuant to M. R. Civ. P. 12(b)(6) because the Herts had failed to identify the appropriate defendant in either the original complaint or the first amended complaint. The Herts then filed a Second Amended Complaint on November 29, 2023, which properly identified the defendants.

On December 1, 2023, Principal Nansel, a named Defendant, moved to dismiss pursuant to Rule 12(b)(6), and on December 14, 2023, MHSA did so as well. The District Court conducted a combined hearing regarding the motions to dismiss and the emergency

2

motion for preliminary injunction on January 17, 2024. On January 25, 2024, the court issued its Findings of Facts, Conclusions of Law and Order Denying Emergency Motion for Preliminary Injunction, Denying MHSA's Motion to Dismiss, and Granting Nansel's Motion to Dismiss. The Herts petitioned this Court for writ of supervisory control on February 5, 2024.[1]

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

The Herts argue that urgency or emergency factors make the normal appeal process inadequate because the basketball season will be over before disposition will be had via direct appeal. Indeed, the Herts argue that "[a]ny additional delay in granting relief—including seeking additional response in this matter—will permanently extinguish any interest Zayne has under the Montana Constitution" because the basketball season began in November 2023 and was "well over half" finished when they filed this petition on

---

[1] Although the Herts caption their petition before this Court as "Petition for Writ of Supervisory Control & Emergency Relief Pursuant to [M. R. App. P.] Rule 14(3), Request for Stay and Preliminary Injunctive Relief," the text of the petition neither requests a stay nor additional injunctive relief beyond that which granting their petition for writ of supervisory control would afford them.

February 5, 2024. The District Court found that basketball season started on November 18, 2023.

Here, the subject order is a preliminary injunction.[2] M. R. App. P. 6(3)(e) provides that an order granting an injunction is an appealable order. *Caldwell v. Sabo*, 2013 MT 240, ¶ 18, 371 Mont. 328, 308 P.3d 81 ("An order granting an injunction is immediately appealable, notwithstanding that the merits of the controversy remain to be determined."). We have routinely held that an adequate remedy of appeal exists, and supervisory control unwarranted, where the subject order is a preliminary injunction. *Brown v. Thirteenth Judicial Dist. Court*, No. OP 20-0296, 400 Mont. 560, 465 P.3d 1162 (table) (June 2, 2020). Moreover, a party may request expedited briefing in an appeal. *Mirro v. Mont. Sixth Judicial Dist. Court*, No. OP 23-0639, Order (Mont. Nov. 7, 2023).

While we are cognizant of the time concern here, the petition offers no explanation regarding the delay in filing their complaint, when MHSA rendered its decision in August 2023, months prior to the start of the basketball season. We have previously ruled that a party cannot manufacture urgency or emergency to fulfill the necessary criteria to justify a writ of supervisory control. *State v. Mont. First Judicial Dist. Court*, No. OP 22-0315, 409 Mont. 557, 512 P.3d 1178 (table) (June 14, 2022).

Finally, even if we were to accept the Herts' contention that the urgency of this matter supported entertaining the writ, due process considerations and our Appellate Rules would prevent us from summarily granting the petition without a response, as the Herts request. Under M. R. App. P. 14(7)(a), we may either order a summary response be filed, or we may dismiss the petition without ordering a response, but the Rule does not provide for this Court to grant a petition for writ upon the petition alone. The petition challenges only the procedure used to arrive at MHSA's decision, not the application of the eligibility rules. At this juncture, even if we ordered responses on an expedited basis and concluded there was merit to the procedural arguments, there is no realistic possibility that the

---

[2] Although the subject order further dismissed Principal Nansel from this matter, the Herts do not raise any arguments regarding that dismissal in their petition for writ of supervisory control.

4

procedure could be corrected such that a new decision allowing Zayne to participate in the current basketball season, assuming he could demonstrate entitlement under the rules, could issue before the season concluded in the next several weeks.

The burden of persuasion is on the petitioner to convince the Court to issue a writ. *Disability Rights Mont. v. Mont. Judicial Dists. 1-22*, No. OP 20-0189, 400 Mont. 556 (Apr. 14, 2020) (citing *Miller v. Eleventh Judicial Dist. Court*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186). In this case, we conclude the Herts have not met this burden.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Sixteenth Judicial District Court, Rosebud County, Cause No. DV-23-53, and the Honorable Nickolas C. Murnion, presiding Judge.

DATED this ___ day of February, 2024.

Justices