ORIGINAL

FILED.

02/13/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0078

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0078

T.K. and K.K.,

Petitioners,

v.

MONTANA SEVENTEENTH JUDICIAL
DISTRICT COURT, VALLEY COUNTY,
THE HONORABLE YVONNE LAIRD,
DISTRICT JUDGE,

Respondent.

ORDER

FILED

FEB 13 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioners T.K. and K.K., via counsel, seek a writ of supervisory control vacating the January 18, 2024 Order Enjoining Disclosure of Confidential Information of the Seventeenth Judicial District Court, Valley County, in its Cause No. DN-2023-03. Petitioners further ask this Court to stay a contempt hearing that the District Court has set for February 21, 2024.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont.*

*Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

The underlying case is a dependency-neglect matter, the confidentiality of which is protected by law. Section 41-3-205, MCA. T.K. and K.K. admit that on January 18, 2024, they "went public" with details about the case by posting a 17-minute video on social media. The District Court then issued its Order, which provided:

> IT IS HEREBY ORDERED THAT ALL PARTIES to this dependency and neglect matter are ENJOINED from disclosing any further records or reports, or making any statements or interviews, in any social media or news media (electronic, print, video), in any unauthorized manner regarding the Youth's physical or mental health, state of mind, or involvement in the above referenced dependency and neglect matter, absent express permission from this Court.
>
> IT IS FURTHER ORDERED, that [T.K. and K.K.] shall DELETE any video or other statements they have previously made, from any social media or news media, directly linked to this dependency and neglect matter, to prevent further dissemination of the Youth's confidential mental and physical health care information.

T.K. and K.K. did not immediately challenge the District Court's order. According to the petition, on January 22, 2024, K.K. spoke about the dependency-neglect case on a talk-radio program that was broadcast statewide.

On January 23, 2024, in response to a motion for contempt filed by the youth's attorney, the District Court issued an Order Setting Hearing on Motion for Contempt of Court, scheduling a hearing for January 29, 2024, and further ordering T.K. and K.K. to delete any video or other statements they made, or had access to, from social media or news media, "directly linked" to this case, "to prevent further dissemination of the Youth's confidential state of mind and mental and physical health care information."

On January 29, 2024, the court continued the contempt hearing, resetting it for February 21, 2024. The court ordered the parties to appear in person and it further ordered that its previous ruling prohibiting the release of information about the case remained in

2

effect. It advised the parties that "further dissemination will result in Contempt which may result in jail time and/or fine."

On February 5, 2024, T.K. and K.K. petitioned this Court for writ of supervisory control over the District Court. We denied and dismissed the petition because it failed to include sufficient information to permit a review of the order or orders to which T.K. and K.K. objected, as it did not include the necessary portions of the record as required by M. R. App. P. 14(5)(b)(iv). We further held that supervisory control was not warranted regarding the upcoming contempt hearing as the petition did not demonstrate any mistake of law or emergency factors as required for supervisory control under M. R. App. P. 14(3)(a). T.K. and K.K. have now filed this second petition for supervisory control.

T.K. and K.K. have included the order they wish to challenge with their present petition. The subject order is an injunction. M. R. App. P. 6(3)(e) provides that an order granting an injunction is an immediately appealable order. *Caldwell v. Sabo*, 2013 MT 240, ¶ 18, 371 Mont. 328, 308 P.3d 81 ("An order granting an injunction is immediately appealable, notwithstanding that the merits of the controversy remain to be determined."). We have routinely held that an adequate remedy of appeal exists, and supervisory control is thus unwarranted, where the subject order is an injunction. *Monforton v. Mont. First Judicial Dist. Court*, No. OP 22-0021, 408 Mont. 539, 507 P.3d 136 (table) (Jan. 18, 2022); *Brown v. Thirteenth Judicial Dist. Court*, No. OP 20-0296, 400 Mont. 560, 465 P.3d 1162 (table) (June 2, 2020). Moreover, a party may request expedited briefing in an appeal, and may seek a stay pending appeal, first from the issuing district court, and from this Court if necessary. *Mirro v. Mont. Sixth Judicial Dist. Court*, No. OP 23-0639, Order (Mont. Nov. 7, 2023). Immediate appeal provides an adequate remedy and thus consideration of a writ of supervisory control under M. R. App. P. 14(3) is unnecessary.

T.K. and K.K. also request this Court to stay the matter because they believe "they will likely be jailed" by the District Court after the February 21, 2024 contempt hearing. At this point, the District Court has issued no ruling regarding contempt, and has simply noticed a hearing. T.K. and K.K. offer numerous assertions of fact that are untested; this court is not a factfinding court. At this juncture, no mistake of law or emergency factors

3

have been demonstrated. M. R. App. P. 14(3)(a). The District Court had the jurisdiction to issue the January 18, 2024 Order Enjoining Disclosure of Confidential Information, and its ruling must be respected unless and until "its decision is reversed for error by orderly review[.]" *Celotex Corp. v. Edwards*, 514 U.S. 300, 313, 115 S. Ct. 1493, 1501 (1995) (quoting *Walker v. Birmingham*, 388 U.S. 307, 314, 87 S. Ct. 1824, 1828 (citation omitted)). As noted above, the District Court's order is based upon statute. Section 41-3-205, MCA. If T.K. and K.K. object to the injunction order itself, they may appeal it, but they cannot attempt a collateral attack upon that order by initiating an original proceeding that seeks to foreclose the District Court's ability to enforce its order by contempt, particularly on untested assertions. *Celotex*, 514 U.S. at 313, 115 S. Ct. at 1501.

The burden of persuasion is on the petitioner to convince the Court to issue a writ. *Disability Rights Mont. v. Mont. Judicial Dists. 1-22*, No. OP 20-0189, 400 Mont. 556 (Apr. 14, 2020) (citing *Miller v. Eleventh Judicial Dist. Court*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186). In this case, we conclude the petitioners have not met this burden. They have a remedy of appeal, as well as a remedy for review of any contempt. Therefore, in accordance with M. R. App. P. 14(7),

IT IS ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Seventeenth Judicial District Court, Valley County, Cause No. DN-2023-03, and the Honorable Yvonne Laird, presiding.

DATED this ‎13‎ day of February, 2024.

_____
Chief Justice

_____

_____

4

_____

_____
Justices