ORIGINAL

FILED

04/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0199

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0199

CATHY McCLURE,

Petitioner,

v.

MONTANA TWENTIETH JUDICIAL DISTRICT
COURT, SANDERS COUNTY, HONORABLE
JOHN W. LARSON, Presiding,

Respondent.

**O R D E R**

FILED

APR 2 3 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioner Cathy McClure, via counsel, seeks a writ of supervisory control directing the Twentieth Judicial District Court, Sanders County, to grant McClure's motion to strike or dismiss the February 16, 2024 Motion for UCCJEA Conference and for Emergency Order Modifying Grandparent Visits; Request for Hearing filed by Thaddeus Hazen LeClair in that court's Cause No. DR-45-2024-0000008. While, at the time McClure filed this Petition in this Court, the District Court had not ruled on her motion to strike or dismiss, the District Court issued an order assuming jurisdiction of the case, which McClure interprets as impliedly denying her motion.

The basis for McClure's motion to strike or dismiss is that she maintains that LeClair improperly initiated this case by filing captioned as a "motion" rather than by filing a "complaint" as required by M. R. Civ. P. 3. McClure seeks supervisory control of this Court and asks it to direct the District Court to require LeClair to properly initiate the proceedings by filing a complaint.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a

motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g.*, *Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Here, McClure asserts the District Court is operating under a mistake of law by proceeding with this case in the absence of a complaint being filed. However, the Montana Rules of Civil Procedure are notice pleading statutes. *Mysse v. Martens*, 279 Mont. 253, 266, 926 P.2d 765, 773 (1996). M. R. Civ. P. 8(a) requires that a complaint put a defendant on notice of the facts the plaintiff intends to prove; the facts must disclose the elements necessary to make the claim; and the complaint must demand judgment for the relief the plaintiff seeks. *Mysse*, 279 Mont. at 266, 926 P.2d at 773. In this case, the District Court found LeClair's motion sufficient; the fact that it was captioned as a "motion" is of no import here. Pleadings must be construed so as to do justice. M. R. Civ. P. 8(e).

The burden of persuasion is on the petitioner to convince the Court to issue a writ. *Disability Rights Mont. v. Mont. Judicial Dists. 1-22*, No. OP 20-0189, 400 Mont. 556 (Apr. 14, 2020) (citing *Miller v. 11th Judicial Dist. Court*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186). McClure has not met this burden in this case.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Twentieth Judicial District Court, Sanders County, Cause No. DR-45-2024-0000008, and the Honorable John W. Larson, presiding Judge.

DATED this 23 day of April, 2024.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3