ORIGINAL

FILED

05/01/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0117

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0117

_____

CHARLES DAVID AMENT,

     Petitioner.

v.

BRIEN HEINO, Sheriff, Flathead County
Detention Center,

     Respondent.

ORDER

FILED

MAY -- 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

_____

Charles D. Ament has filed a pleading he has captioned "Motion to Refile Petition for Writ of Habeas Corpus." Ament asserts that he had been sentenced when this Court denied his petition for a writ of habeas corpus on March 19, 2024. He explains that the District Court sentenced him five days prior, on March 14, 2024, and he challenges the lower court's decision, alleging various evidentiary errors. Ament also cites to *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 159 P.3d 1186, in support of his alleged constitutional errors. We address Ament's motion as a Petition for Rehearing.

M. R. App. P. 20(1) provides criteria for rehearing. This Court "will consider a petition for rehearing presented only upon . . . [t]hat it overlooked some fact material to the decision[,] . . . or [t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R. App. P. 20(1)(a)(i) and (iii). "Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs." M. R. App. P. 20(1)(d).

Ament has not demonstrated that he is entitled to rehearing. There are no exceptional circumstances here. Ament filed his petition for habeas corpus relief on

February 28, 2024, and he did not include any written, sentencing judgment because it had not been issued at that time. Ament, as a petitioner, did not meet his burden with supporting documentation about illegal restraint or an illegal sentence and that a writ should issue. *Miller*, ¶ 14. This Court had no information about his sentencing date. "Furthermore, '[i]t is not this Court's job to conduct legal research on his behalf[.]'" *State v. Gomez*, 2007 MT 111, ¶ 33, 337 Mont. 219, 158 P.3d 442 (citing *Johansen v. Dep't. of Nat. Res. & Conservation*, 1998 MT 51, ¶ 24, 288 Mont. 39, 955 P.2d 653 (citations omitted)).

As we stated in our Order denying Ament's petition last month, "Ament brings his various claims . . . through the wrong remedy." *Ament v. Heino*, No. OP 24-0117, Order, at 1 (Mont. Mar. 19, 2024). He still has not provided a copy of the written sentencing judgment. He has not demonstrated an illegal sentence. This Court's decision in *Miller* dealt with pretrial release on bail, and Ament cannot reach any claims of constitutional violations through the remedy of habeas corpus relief. *Miller*, ¶¶ 7-13; *Gates v. Missoula Cnty. Comm'rs*, 235 Mont. 261, 262, 766 P.3d 884, 884-85 (1988).

Ament's immediate remedy is to seek an appeal of the Flathead County District Court's Sentence and Judgment with this Court on or before May 13, 2024. M. R. App. P. 4(5)(b)(i); § 46-20-104(1), MCA. Ament may file a motion for appointment of counsel as well. Any claims concerning constitutional violations or other errors could be raised in an appeal where the entire record would be available to this Court. Accordingly,

IT IS ORDERED that Ament's Petition for Rehearing is DENIED and DISMISSED.

The Clerk is directed to provide a copy to counsel of record, to the Appellate Defender Division, and to Charles D. Ament personally.

DATED this 1st day of ~~April~~ May, 2024.

2



_____

_____

_____

_____

Justices