ORIGINAL



FILED

06/11/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0363

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 24-0363

---

CATHY McCLURE,

      Petitioner,

v.

MONTANA TWENTIETH JUDICIAL DISTRICT
COURT, SANDERS COUNTY, HONORABLE
JOHN W. LARSON, Presiding,

      Respondent.

FILED

JUN 1 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

---

Petitioner Cathy McClure, via counsel, seeks a writ of supervisory control directing the Twentieth Judicial District Court, Sanders County, to vacate its June 2, 2024 Emergency Order Lifting Stay of Montana Parental Custody Case, Order Setting Evidentiary Hearing and Order Directing Telephoinc [sic] or Video Visitation Between the Children and Grandmother to be on Our Family Wizard Recording App in that court's Cause No. DR-24-8. McClure further requests that this Court address her petition expeditiously and grant her an emergency stay.

The case underlying McClure's petition involves a dispute between McClure and Thaddeus LeClair. LeClair is the father of two children and McClure is their maternal grandmother. According to McClure's petition, she filed a motion for grandparent visitation in Oklahoma in June 2022 shortly after the children's mother, McClure's daughter, passed away. At that time, LeClair and the children were Oklahoma residents. LeClair later moved to Montana with the children while McClure's visitation case proceeded in Oklahoma.

In February 2024, LeClair instituted this case in Montana, in which he requested that the Montana District Court issue an emergency order modifying the Oklahoma court's

visitation order.[1]  On May 28, 2024, in accordance with the procedures set forth in the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), codified at § 40-7-204(4), MCA, the District Court held a conference with the presiding Oklahoma judge, with the parties and their attorneys also appearing.  According to McClure, during the hearing:

> [T]he Oklahoma Court found that no emergency currently existed and that none of the present circumstances, including enforcement of the Oklahoma Court's Order regarding grandparent visitation, constitutes an emergency. Therefore, the Oklahoma Court found that the Montana Court has no jurisdiction at this time.  Judge Larson agreed during the hearing that his court has temporary emergency jurisdiction only, and that no emergency presently existed. He accordingly stayed the Montana proceedings from the bench during the hearing for lack of subject matter jurisdiction.

McClure has not provided us with a transcript of the May 28, 2024, but attaches the District Court's Minute Entry as an exhibit.  The Minute Entry does not reflect McClure's assertions that the courts reached agreement as to the presence, or absence, of an emergency.  It states, in relevant part:

> Oklahoma has Jurisdiction currently.  Judge Larson has Emergency Jurisdiction. Judge asks parties to figure out a reconciliation therapy option for the children . . . and communicate that to Oklahoma. . . . If motions need to be made in the interim about non-emergent changes, it'll need to be done in Oklahoma. . . . Judge Larson Stays everything from the bench regarding DR 24-08, except for an emergent issue.

Following this hearing, the District Court issued the order that is the subject of the present petition.  In that order, the court set a hearing for June 14, 2024, to take testimony from LeClair and Dr. David Stube, the children's therapist.  The court explained it desired the hearing "[i]n order to better determine jurisdictional issues and to avoid another apparently unsuccessful and unnecessarily stressful visit between the children, [McClure], and the Oklahoma Guardian ad Litem[.]"  It further stated an intention to interview the

---

[1] McClure previously petitioned this Court for writ of supervisory control to strike or dismiss LeClair's pleading.  We summarily denied that petition. *McClure v. Mont. Twentieth Jud. Dist. Ct.*, No. OP 24-0199, Order (Mont. Apr. 23, 2024).

2

children, outside the presence of the parties, prior to the hearing. The court also ordered LeClair and McClure to consent to, and implement, the recorded Our Family Wizard protocols for all future telephonic or video visitation.

McClure then filed the present petition for writ of supervisory control, requesting expedited consideration due to the June 14, 2024 hearing date.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Jud. Dist. Ct.*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

McClure asserts the District Court has no jurisdiction because no emergency exists and thus jurisdiction lies only with the Oklahoma court under the UCCJEA. The burden of persuasion is on the petitioner to convince the Court to issue a writ. *Disability Rights Mont. v. Mont. Judicial Dists. 1-22*, No. OP 20-0189, 400 Mont. 556 (Apr. 14, 2020) (citing *Miller v. 11th Jud. Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186). M. R. App. P. 14(3) provides us the discretion to exercise this extraordinary remedy, when the criteria are met, when we determine it appropriate to do so. *Stokes*, ¶ 5. We are not persuaded to do so in this case, as it appears the District Court is correctly following the UCCJEA. We further believe the District Court is in a better position than this Court to determine whether exercise of jurisdiction under emergent circumstances is warranted in this case.

3

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Twentieth Judicial District Court, Sanders County, Cause No. DR-24-8, and the Honorable John W. Larson, presiding Judge.

DATED this 11 day of June, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices