ORIGINAL

FILED

12/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0725

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0725

TEE JAY HEATH,

      Petitioner,

v.

MONTANA SIXTH JUDICIAL DISTRICT
COURT, PARK COUNTY, HON. RIENNE H.
MCELYEA, presiding,

      Respondent.

O R D E R

FILED

DEC 2 3 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Tee Jay Heath, via counsel, seeks a writ of supervisory control directing the Sixth Judicial District Court, Park County, to reverse its December 12, 2024 Order Denying Respondent's Motion for Show Cause Hearing on Ex Parte Interim Parenting Plan in its Cause No. DR-24-98. Heath argues that this Court should direct the District Court to hold a show cause hearing immediately.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

In this case, Heath advises us that he and Tammy Jo Heath have a child together and, on October 15, 2024, Tammy Jo filed an Emergency Ex Parte Motion for Interim Parenting Plan and Possession of Home and Real Property. The court issued an Order for Interim Parenting Plan. It further ordered the parties to mediation within 45 days.

The parties apparently did not participate in mediation thereafter. On December 3, 2024, Heath moved for a show cause hearing on the interim parenting plan. The District Court then denied the motion, explaining in its order that Heath had not provided good cause as to why the parties had not participated in mediation. The court further allowed Heath leave to refile the motion for a show cause hearing "after mediation is unsuccessful or showing good cause why mediation should not take place."

In the present petition, Heath argues that this Court should reverse the District Court's order and require it to set a show cause hearing. He offers no explanation as to why the parties have not participated in mediation as ordered by the District Court. The burden of persuasion is on the petitioner to convince the Court to issue a writ. *Disability Rights Mont. v. Mont. Jud. Dists. 1-22*, No. OP 20-0189, 400 Mont. 556 (Apr. 14, 2020) (citing *Miller v. 11th Jud. Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186). Heath has not met his burden in this case as his petition fails to convince us that we should interject ourselves into this case at this juncture.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Sixth Judicial District Court, Park County, Cause No. DR-24-98, and the Honorable Rienne H. McElyea, presiding Judge.

DATED this ⟨23⟩ day of December, 2024.

Justices

2